## EX PARTE GARCÍA.

### APPEAL from the District Court of Mayagüez.

No. 80.—Decided December 17, 1906.

JURISDICTION—PROCEEDINGS TO SECURE CONVERSION OF RECORDS OF POSSESSION INTO RECORDS OF OWNERSHIP.—Municipal judges have jurisdiction of proceedings instituted for the conversion of a record of possession into a record of ownership no matter what the value of the land may be, as provided by section 4 of the Act of March 10, 1904, reorganizing the courts.

ID.—ACTION.—Proceedings for the conversion of a record of possession of a property into a record of ownership cannot be considered as an action or suit under the provisions of section 75 of the Code of Civil Procedure.

ID.—CODE OF CIVIL PROCEDURE.—The procedure established by the Mortgage Law and its regulations of the conversion of records of possession into records of ownership has not been repealed by the Code of Civil Procedure, which contains no provisions in regard to the subject or in conflict with that procedure.

The facts are stated in the opinion.

*Mr. Texidor* for appellant.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Attorney Martín Travieso field in the District Court of Mayagüez under date of August 1, 1906, a sworn application on behalf of Rosa and Dolores García Sanjurjo, praying that after the publication for fifteen days of the notices required by section 393 of the Mortgage Law, amended by General Order of April 4, 1889 *sic,* an order be issued directing the Registrar of Property of San Germán to proceed to enter in the registry of property a notice of the conversion into a record of ownership of the record of the possession of a property

composed of 73 *hectares* and 68 *centiares*, of which the said
petitioners were the owners in the *barrio* of Guanajibo of the
muncipal jurisdiction of Cabo Rojo; and the said court, bas-
ing its action on the provisions of article 441 of the Regula-
tions for the Execution of the Mortgage Law corresponding
to article 393 of the said law, rendered judgment on Septem-
ber 4, following, holding that it was without jurisdiction to
take cognizance of the matter.

From that decision the petitioners, Rosa and Dolores Gar-
cía Sanjurjo, took an appeal, and in the written brief filed in
this Supreme Court by their legal representative, Attorney
Jacinto Texidor, attacked the order appealed from on the
ground that articles 393 of the Mortgage Law and 441 of the
Regulations were erroneously applied, which, in so far as the
questions of jurisdiction and competency are concerned, were
modified by section 4 of the Act of March 10, 1904, reorganiz-
ing the judiciary of Porto Rico, and by section 75 of the Code
of Civil Procedure, which, like the act above cited, went into
effect on July 1 of the said year.

Certainly, section 4 of the act reorganizing the judiciary of
Porto Rico provides that municipal judges shall have jurisdic-
tion in all civil matters in their districts to the amount of $500,
including interest, and we have no hesitation in admitting that
the value of the lands involved is greater than that sum in
view of the certificate of the Registrar of Property of San Ger-
mán attached by petitioner to the petition; but we are of the
opinion that this provision refers to civil matters of an ordi-
nary character, and that it cannot be considered as coming
within the exception to the general rule with which that section
begins and which reads: ''Except as provided hereafter in this
act, the municipal judges created hereby shall fulfill all the
duties which are at present performed.'' (that is to say, on the
date of the passage of that act, March 10, 1904) ''by justices
of the peace and municipal judges.'' If on the date above
mentioned municipal judges had jurisdiction of proceedings to
convert into a record of ownership records of possession of

property, whatever the value thereof might be according to article 441 of the Regulations for the Execution of the Mortgage Law in connection with article 393 of that law, it is obvious that they have been recognized to have such jurisdiction by section 4 of the Act of March 10, 1904, and that at the present time the district courts continue without such jurisdiction.

Section 75 of the Code of Civil Procedure is not applicable to the present case, because from a mere reading of that section it is seen that it has reference to actions or suits, and section 22 of the California Code, from which our Code was taken, says:

"An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense."

Up to this time Rosa and Dolores García Sanjurjo have not prosecuted any action or suit whatever, and therefore section 75 of the Code of Civil Procedure cannot have been violated.

In support of this contention we may cite the Act of the Legislative Assembly approved March 9 last, which in its last section provides that the special legal proceedings established in the Civil Code, in the Mortgage Law and its Regulations, and in any other law, in so far as not provided for thereby, shall remain in force.

The proceeding established by the Mortgage Law and its Regulations, for the conversion of records of possession into records of ownership, has not been repealed by the Code of Civil Procedure, which has no provision in regard to the matter and no provision of which is in conflict with the said proceeding.

And it cannot be successfully alleged, as counsel for appellant alleges, that he acknowledges that the proceeding is in force, it having been repealed only as to the jurisdiction of

municipal courts to take cognizance of the commencement of the same, because we can find no legal reason whatever in support of such an allegation.

For the reasons set forth the order appealed from should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justice Figueras and Wolf concurred.

Mr. Justice MacLeary dissented.

### DISSENTING OPINION OF MR. JUSTICE MACLEARY.

I cannot concur with the decision rendered in this case by the majority of my colleagues on the 17th of last month, affirming the judgment of the District Court of Mayagüez, rendered on the 4th of September last.

The only question presented in this appeal is whether jurisdiction in cases involving dominion titles where the value of the land exceeds $500 is in the district court or in the municipal court. The appellant claims it to be in the former. The District Court of Mayagüez held it to be in the latter, in which opinion a majority of this court concur.

There is no question raised in the record in regard to the judgment of the district court being appealable to this court. It was a final judgment disposing of the case, and as such appealable under section 295 of the Code of Civil Procedure. By section 4 of the law of the 10th of March, 1904, entitled "An Act reorganizing the judiciary of Porto Rico," etc., it is enacted that:

"Except as provided hereafter in this act, the municipal judges created hereby shall fulfill all the duties which are at present performed by the justices of the peace and municipal judges. He shall have jurisdiction in all civil matters in his district to the amount of $500, including interest."

This act took effect on the 1st of July, 1904, at 12 o'clock

noon.   On the same day the Code of Civil Procedure of Porto
Rico was passed and approved, and took effect on the same
day and hour.   Consequently these two acts must be con-
strued together.   Section 75 of the Code of Civil Procedure
(Session Acts of 1904, page 206) says:

"Actions for the recovery of real property, or of an estate or
interest therein, or for the determination in any form of such right
or interest, and for injuries to real property, shall be tried in the
district court."

In my opinion it is unquestionable that a proceeding to
establish the dominion title to a tract of land is an action for
the determination of a right or interest thereon.   All parties
having adverse interests are required to be cited either per-
sonally or by publication, including The People of Porto Rico,,
who must be cited through their Governor.

It is useless to say that this is not an action under the
Code of California.   Our Code of Civil Procedure was not
taken from the Code of California, but it is an exact copy,,
almost, of the Code of Idaho.

This whole question of what constitutes "an action" un-
der our Code of Civil Procedure was fully discussed by me in
my dissenting opinion in regard to the procedure for the fore-
closure of mortgages, filed in the case of *Emilia Giménez et al.
v. Julio Brenes y Aponte,* decided by this court on the 8th of
February, 1906.   It is unnecessary to renew that discussion
here.

It is argued by counsel for appellant in this case that as
the value of the land involved herein exceeds $500 the munici-
pal judge could not have jurisdiction, even under section 4 of
the act providing for the reorganization of the courts.   With
that contention I fully concur, as to my mind the limitation in
value to $500 for the jurisdiction of municipal judges and
courts applies as well to the valuation of property or land as
it does to the recovery of money on a promissory note, or
otherwise.   But it is clear to my mind that under section 75.

of the Code of Civil Procedure the district courts would have exclusive jurisdiction in actions for the establishment of dominion titles to real estate regardless of the value of such property, and in accordance with my dissenting opinion regarding the Mortgage Law hereinbefore referred to, I must respectfully dissent from the reasoning as well as from the conclusions set forth by the court in this case, and consequently hold that the judgment of the lower court should have been reversed in all its parts.